**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03318-REB

ANGELINE L. MOORE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed December 19, 2011, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that she is disabled as a result of chronic pain syndrome, characterized by low back pain, headaches, depression, and anxiety, as well as glaucoma. After her applications for disability insurance benefits and supplemental

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on December 15, 2011. At the time of the hearing, plaintiff was 41 years old. She has a high school education and past relevant work experience as a cashier, cook, and inventory clerk. She has not engaged in substantial gainful activity since April 23, 2009.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work with specified postural and other limitations. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that he could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Although plaintiff posits a number of ways in which she claims the ALJ erred, all fundamentally relate to her claim that the ALJ improperly failed to consider her chronic

pain syndrome as a severe impairment. I agree that this lapse infected the remainder of the ALJ's determinations, and thus remand.

On April 23, 2009,[2] plaintiff was involved in a serious car accident. (Tr. 16.) She initially sought treatment with Dr. Russell Parker for multiple complaints of pain. (Tr. 293-294.) Through the initial months of treatment, plaintiff noted some temporary improvements in her pain levels, but over the summer, her pain became increasingly intractable, and Dr. Parker ultimately recommended facet injections. (*See* Tr. 280-292, 468-469.) The facet injections, however, actually increased plaintiff's pain substantially. (Tr. 339, 467.) Nevertheless, and MRI and diskogram revealed minimal objective evidence of any physiological basis for plaintiff's pain and symptomology. (*See* Tr. 334.)

Ultimately, Dr. Parker diagnosed plaintiff with chronic myofascial pain, a chronic pain disorder in which "pressure on sensitive points in your muscles (trigger points) causes pain in seemingly unrelated parts of your body." Mayo Clinic, **Myofascial Pain Syndrome**, **Definition** (available at http://www.mayoclinic.com/health/myofascial-pain-syndrome/DS01042) (last accessed March 25, 2013).[3] As Dr. Parker explained, the diagnosis is one reached by process of elimination of other potential causes of a patient's pain. It is typical of the disorder that objective evidence of a medical cause of

---

[2] The ALJ also noted evidence in the record of a second severe motor vehicle accident less than a week later, and yet a third accident in November 2009. (Tr. 16.)

[3] The Commissioner argues that the teaching of Social Security Ruling 03-02p, 2003 WL 22399117 (SSA Oct. 20, 2003), to which plaintiff makes reference, are inapplicable because SSR 03-02p deals with Chronic Regional Pain Syndrome, a different pain disorder. Whether and to what extent CRPS differs from plaintiff's condition are issues that may be addressed on remand. Likewise, whether plaintiff's condition can be compared to fibromyalgia, a condition as to which a lack of objective medical evidence is not determinative, *see Davis v. Astrue*, 2010 WL 3835828 at *5 (D. Colo. Sept. 23, 2010), may be an issue worth exploring on remand.

pain is lacking and that symptomology will wax and wane with a variety of environmental and situational factors. (*See* Tr. 448-449.)

At step two of the sequential evaluation process, the ALJ must determine which of the claimant's alleged impairments, if any, are "severe." 20 C.F.R. § 404.1521. An impairment is not considered severe if it is merely a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Although plaintiff bears the burden of proof as to this issue, her burden in this regard is "*de minimis.*" **Hawkins v. Chater**, 113 F.3d 1162, 1169 (10th Cir. 1997).

The ALJ did not address plaintiff's diagnosis of chronic pain syndrome at all. Instead, she busticated plaintiff's various physical and psychological complaints into individual impairments which she then considered separately. This was error, as it prevented the ALJ from considering the broader context of which these symptoms were a part. Nor is this an instance where the ALJ's finding of other severe impairments and continuing to subsequent steps of the sequential analysis renders harmless the failure to find a severe impairment at step two. **See Hill v. Astrue**, 289 Fed. Appx. 289, 292 (10th Cir. Aug. 12, 2008). The fact remains that the ALJ *never* considered the severe impairments she identified as symptoms of a chronic pain syndrome that would have placed them in broader context. **See id**. (error in failing to find impairment severe harmless only so long as ALJ considers all impairments, severe and non-severe. in making residual functional capacity assessment). Had the ALJ done so here, many of

the alleged deficiencies in the evidence on which she relied well may have evanesced. At the very least, they would have required further explication.

The ALJ's failure to identify and consider this impairment, which seems likely to meet the *de minimis* definition of severity at step 2, inquinated the remainder of her determinations in the sequential evaluation process, and rendered her disability determination infirm. I therefore reverse and remand.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate whether plaintiff's chronic pain syndrome constitutes a severe impairment at step 2 of the sequential evaluation;

    b.    Recontact any treating, examining, or reviewing sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative or other examinations, or otherwise further develop the record as she deems necessary;

    c.    Reevaluate her determinations at the remaining steps of the sequential evaluation process in light of her conclusions regarding whether chronic pain syndrome constitute a severe impairment at

---

[4] Although plaintiff seeks a directed award of benefits, I do not believe this case presents an appropriate instance for me to exercise my discretion in this regard. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993). The ALJ should be given an opportunity to develop the factual record and address the issues presented in the first instance. By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

        step 2; and

    d.    Reassess the disability determination.

Dated March 25, 2013, at Denver, Colorado.

                              **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge